48 F.3d 1211
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Angel Luis FIGUEROA, Plaintiff, Appellant,
v.
Special Agent James J. DOYLE, et al., Defendants, Appellees.
 No. 94-1696.
 United States Court of Appeals,
First Circuit.
 Feb. 24, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge]
 Angel Figueroa on brief pro se.
 Donald K. Stern, United States Attorney, and Susan M. Poswistilo, Assistant United States Attorney, on brief for appellees.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On October 12, 1993, we remanded this case so that plaintiff (as he had requested) might attempt to amend his complaint to state a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Figueroa v. DEA, 7 F.3d 218 (1st Cir. 1993) (table) (per curiam). Plaintiff thereafter failed to do so, and took no other action apart from submitting a change of address form to the district court. On April 21, 1994, defendants filed a motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff filed no opposition, and the district court granted the motion on May 19, 1994. Having now appealed from this ruling, plaintiff makes no reference to the Rule 41(b) dismissal in his principal brief. Only in his reply brief does he attempt an explanation, alleging that (1) he had assumed the district court would initiate the necessary further proceedings, and (2) he never received a copy of the defendants' motion to dismiss (despite the appearance therein of a proper certificate of service).
 
 
 2
 We affirm. By failing to seek reconsideration below (a measure he has employed earlier in this litigation), and by failing to challenge the Rule 41(b) dismissal in his principal brief on appeal, plaintiff has waived the issue. See, e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 354 (1st Cir. 1992) ("It is well settled in this court ... that a legal argument made for the first time in an appellant's reply brief comes too late and need not be addressed."). We add that invocation of the waiver rule here would work no injustice, inasmuch as plaintiff's substantive claim (upon which he has elaborated in his appellate papers) appears entirely meritless. By way of the instant attack on the forfeiture of his assets, plaintiff is seeking simply to challenge the sufficiency of the evidence supporting his underlying conviction-a challenge we have decisively rejected in the past. See Figueroa v. United States, 19 F.3d 7 (1st Cir. 1994) (table) (per curiam); United States v. Figueroa, 976 F.2d 1446 (1st Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993).
 
 
 3
 Affirmed.